```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA
```

WARREN JASPRIZA, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 10-1859

SCHLUMBERGER TECHNOLOGY                    SECTION: "A" (2)
CORPORATION, ET AL.


## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Warren Jaspriza, et. al. Defendant Schlumberger Well Services opposes the motion. The motion, set for hearing on August 4, 2010, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

Plaintiffs, Warren Jaspriza, et al. (Landowners), own adjacent lots on the Doullut Canal in Empire, Louisiana. In 1999, Landowners entered into a monthly lease agreement (Agreement) with Schlumberger Well Services (Schlumberger) for use of dock space on Landowners' lots. The dock space was limited to "only the 100 feet front on the Canal and sufficient access to both the vessels using said dock space." (Rec. Doc. 13, Exh. 1). The Agreement

---

[1] Oral argument has been requested but the Court is not persuaded that oral argument would be helpful in light of the specific legal issues presented.

limited the use of the dock space to "dockage of [Schlumberger's] vessels and the loading and unloading of the crews and their necessary clothing, gear, and provisions." Id. The parties stipulated that the lease would be controlled by the laws of Louisiana. Id.

Schlumberger cancelled the lease on April 28 of 2009, providing one month's notice of termination in accordance with the Agreement. Landowners allege that there was a substantial balance of rent payments due at the time of cancellation, and that Schlumberger is responsible for damages to the dock pursuant to the Agreement.

Landowners originally filed a petition for breach of contract in state court. Schlumberger removed the case to this Court alleging that the petition arises out of an admiralty and maritime claim for damages under general maritime law and/or pursuant to a contract pertaining to traditional maritime activity. Landowners now move to remand the case to state court, claiming that the Agreement was a simple lease of property involving only local, state law issues and breach of contract remedies.

## II.   DISCUSSION

### A.   *Applicable Law*

To determine whether a breach of contract falls within admiralty jurisdiction, courts look to the nature and character of

the contract, and whether or not the contract has a reference to maritime service or maritime transactions. Norfolk Southern Ry. Co. v. Kirby, 543 U.S. 14, 24 (2004). Courts must determine whether the contract bears a direct link to the operation of a ship, transportation of a vessel, or maritime employment. J.A.R., Inc. v. M/V Lady Lucille, 963 F.2d 96, 98 (5th Cir. 1992). Thus, not every contract that merely touches on a maritime activity is a maritime contract. Id. The fundamental interest giving rise to maritime jurisdiction over contracts is the protection of maritime commerce. Norfolk Southern, 543 U.S. at 25.

The Fifth Circuit has yet to take up the issue of whether contracts for the lease of dock space fall under federal admiralty jurisdiction. Circuits that have encountered the question have held that the lease of a wharf or dock does not fall within admiralty jurisdiction unless the contract specifies a particular vessel. See, e.g. Royal Ins. Co. v. Pier 39 Ltd., 738 F.2d 1035, 1037-38 (9th Cir. 1984)("Wharfage contracts are maritime if wharfage is provided to a specific vessel."); Goodman v. 1973 26 Foot Trojan Vessel, 859 F.2d 71, 73 (8th Cir. 1988) ("Contracts, such as this one, providing wharfage to a particular vessel are maritime."). Similarly, several federal district courts have refused to extend admiralty jurisdiction to cases involving the lease of wharf space. Proleride Transp. Sys., Inc. v. Union

3

Carbide Corp., 498 F. Supp. 680 (D. Mass. 1980); Gowanus Storage Co. v. U. S. Shipping Bd. Emer. Fleet Corp., 271 F. 528, 530 (E.D.N.Y. 1921) ("[A] lease of a wharf is not a maritime contract on which may be maintained an action in admiralty for the collection of rent.").

In Buck Kreihs Co. v. Board of Commissioners of the Port of New Orleans & Sank, Inc., Judge Vance granted a motion to dismiss for lack of subject matter jurisdiction in a case involving the lease of wharf space. No. 97-970, 1997 WL 666220 (E.D. La. Oct. 27, 1997). Buck Kreihs involved a ship repair business that leased a wharf on the Mississippi River. The lessor allegedly breached a provision in the contract that required trash removal in and around the river water near the wharf. The court held that lease of wharf space that does not refer to a specific vessel is not a maritime contract. Id. The court further noted that a contractual dispute does not transform into a maritime action simply because the work performed by the lessor (ship repair) is maritime in nature. Id.

Since Buck Kreihs, the Supreme Court has fashioned a new approach for lower courts to decide whether "mixed contracts" fall within federal admiralty jurisdiction. Norfolk Southern, 543 U.S. at 14. Mixed contracts are singular agreements that include both maritime services and land-based services. Rather than require

4

the contract to be wholly or primarily maritime, admiralty jurisdiction will apply so long as the contract involves a substantial maritime component.[2]  Norfolk Southern, 543 U.S. at 27.  But Norfolk Southern does not alter the precedent with regards to contracts involving only the lease of a wharf or dock space because such contracts do not include a maritime element at all.  Accordingly, the holding in Buck Kreihs remains good law as it is consistent with the Norfolk Southern analysis.

In sum, the lease of a dock is not a maritime contract unless the contract specifies a particular vessel.

***B. Analysis***

    ***1. Schlumberger's Maritime Contract Argument***

Schlumberger's argument in support of federal admiralty jurisdiction over the contract dispute is two-fold.  Schlumberger argues that (a) the services involved in dock rental are essential incidents of a vessel and therefore are maritime in nature, and (b) the requirement that the lease specify a particular vessel is satisfied in this case because the lease specifies an identifiable fleet of vessels.  Schlumberger urges the Court to classify the

---

    [2]  In Norfolk Southern, the Supreme Court held that a contract involving the international shipment of goods with a through bill of lading was maritime in nature although the incident giving rise to the cause of action occurred on the land-leg portion of the journey.

Agreement as a maritime contract because the lease involved services that are peculiar to maritime activity.

The Agreement states in relevant part: "This dock space is to be used by the Lessee solely for the dockage of their vessels and the loading and unloading of the crews and their necessary clothing, gear, and provisions." (Rec. Doc. 13, Exh. 1). Schlumberger relies on Howmet Corp. v. Tokyo Shipping Co. in support of the contention that loading and unloading passengers and cargo from a dock are "intimately related to and are essential incidents to a ship in the ordinary course of navigation." 320 F. Supp. 975, 978 (D. Del. 1971). According to Schlumberger, the fact that the contract limited use of the dock to elements essential to navigation renders the contract maritime in nature.

Contrary to Schlumberger's position, the Fifth Circuit requires a maritime contract have a *direct* link to the operation of a ship, transportation of a vessel, or maritime employment. M/V Lady Lucille, 963 F.2d at 98. A direct link to the operation of a ship in the context of a dock lease requires that the contract specify a particular vessel. Absent a provision in the contract specifying a particular vessel, the contract bears no direct link to a vessel.

Schlumberger also contends that although the contract did not specify a particular vessel, the contract bears a direct link to

an identifiable fleet of vessels, which is sufficient for federal admiralty jurisdiction. The Agreement states in relevant part: "This dock space is to be used by the Lessee solely for the dockage of their vessels . . . ." (Rec. Doc. 13, Exh. 1). The Agreement also prohibits Schlumberger "from sub-letting the dock space to any third party whatsoever." Id.

There is no maritime contract precedent that expands the "direct link" requirement to a fleet of vessels. Case law indicates that a contract for the lease of dock space is not maritime in nature unless it specifies a particular vessel. Moreover, this Court is not satisfied that the Agreement bears a direct link to a fleet of vessels because Landowners did not agree to render services upon any of Schlumberger's vessels. Accordingly, federal admiralty jurisdiction does not apply to this contract dispute.

   2.   *Schlumberger's Maritime Tort and Maritime Lien Arguments*

Apart from the breach of maritime contract argument, Schlumberger argues that (a) recovery for damage to the dock is a tort claim and falls within the federal subject matter jurisdiction over maritime torts, and (b) Landowners assert a privilege on the vessel, which amounts to a maritime lien against the vessel. These arguments are not persuasive because they are

7

not consistent with the Landowners' prayer for relief.

Schlumberger also argues that the Admiralty Extension Act provides admiralty jurisdiction over the damages to the dock. The Admiralty Extension Act extends federal admiralty jurisdiction to torts involving damage to property caused by a vessel on navigable waters, even where the damage is consummated on land.[3] Schlumberger points out that the damage to the dock is a maritime tort, falling within the scope of the Admiralty Extension Act. However, the Agreement contemplates lessor liability for any damages to the dock space prior to termination of the lease. Landowners seek to recover only for breach of contract, and it is not appropriate to invoke federal admiralty jurisdiction over unasserted tort claims arising in admiralty.

Furthermore, Schlumberger erroneously interprets the state court petition as involving an *in rem* action, which would require federal admiralty jurisdiction. Paragraph 11 of the state court petition states that "Petitioners also reserve all rights with

---

[3] The Admiralty Extension Act provides in relevant part:

> The admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land.

46 U.S.C. § 30101.

regard to their Lessor's privilege on any equipment, vessels, materials, etc. which Schlumberger may own." (Rec. Doc. 13, Exh. A). However, asserting a lien against a vessel is not equivalent to bringing an action *in rem* against a vessel. Landowners have not arrested any vessel, which is a prerequisite for an *in rem* proceeding.

In sum, Schlumberger has no grounds for removing this dispute to federal court under admiralty jurisdiction. The overwhelming majority of case law indicates that a contract for the lease of a dock is not maritime in nature unless it specifies a particular vessel. Here, the Agreement did not contemplate a particular vessel. The lease applied to a strip of land and dock space that bordered a canal, not to the service of a vessel in navigation. Landowners have adequately shown that the Agreement at issue in this dispute does not involve a maritime claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Warren Jaspriza, et al. is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

November 23, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE